UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY GARNIER,

    Petitioner,

    v.

MAGGIE MILLER-STOUT,

    Respondents.

Case No. C06-5285RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**November 3rd, 2006**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.

## INTRODUCTION

    Petitioner has filed a motion for default (Dkt. # 23).  On the same day, September 27th, 2006 respondent filed a motion to dismiss in lieu of an answer (Dkt. # 22).

## DISCUSSION AND CONCLUSION

    While Fed.R.Civ.P. 55 provides for default judgment in most civil actions, the Ninth Circuit has expressly declared that a habeas corpus petitioner is not entitled to default judgment.  Gordan v. Duran, 895 F.2d 610 (9th Cir. 1990).   The habeas petitioner still bears the burden of showing that

ORDER- 1

he or she is in custody in violation of the Constitution.  Absent such a showing, the petitioner is not entitled to relief.  Id.  See also, Bermudez v. Reid, 733 F.2d 18, 21 (2nd Cir.), cert. denied, 469 U.S. 874 (1984); Broussard v. Lippman, 643 F.2d 1131, (5th Cir.), cert. denied, 452 U.S. 920 (1981); Goodman v. Keohane, 663 F.2d 1033, 1047 n. 4 (11th Cir. 1981); Allen v. Perini, 424 F.2d 134, 138 (6th Cir.), cert. denied, 400 U.S. 906 (1970); Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir. 1981).  Thus, default is not available.  Further, the respondent is not in default and has a currently pending motion to dismiss this action noted for consideration later this month (Dkt. # 22).  The motion should be **DENIED.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 3rd, 2006** as noted in the caption.

Dated this 19th, day of October, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER- 2