UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY B. GARNIER,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C06-5285RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 17th, 2006**

    This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action pursuant to 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

    Petitioner attempts to challenge a condition of confinement, air quality at the Airway Heights Corrections Center, rather than his 1993 Chelan County conviction. He has filed three prior habeas corpus petitions and a civil rights action based on the same conditions of confinement he attempts to challenge in this habeas corpus petition. Petitioner seeks habeas relief claiming a condition of his confinement "air quality" violated his Eighth Amendment right to be free from cruel and unusual

REPORT AND RECOMMENDATION
Page - 1

punishment in that he has developed cancer as a result of the poor air quality. After reviewing the materials submitted by the respondent in the motion to dismiss the court recommends this petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. IN THE ALTERNATIVE THE PETITION SHOULD BE DISMISSED BECAUSE THE DOCTRINE OF RES JUDICATA PRECLUDES CONSIDERATION OF PETITIONER'S CLAIM.**

                                    FACTS

Petitioner has filed three prior habeas corpus actions challenging his 1993 Chelan County conviction. Garnier v. Lehman, 99-CV-00222CI (E.D. Wash 1999); Garnier v. Walter, 97-CV-00516CL (E.D. Wash 1997); and Garnier v Wood, 95-CV-03090AAM (E.D. Wash 1995). Mr. Garnier alleged his Eighth Amendment right to be free from cruel and unusual punishment was violated by the air quality at the Airway Heights Corrections Center as part of his civil rights action filed in this court in 2004. Garnier v Miller-Stout, 04-CV-5234RBL (W.D. Wash 2004). Each of the aforementioned cases was dismissed with prejudice and the dismissals were affirmed by the Ninth Circuit. Mr. Garnier has not been given leave by the Ninth Circuit to proceed with this second or successive petition.

                                   STANDARD

This habeas corpus petition is not subject to the normal standard of review because it is a second or successive petition and raises claims that are subject to the doctrine of res judicata. In addition this is not a claim which would usually be cognizable in a habeas corpus petition as it does not deal with the legality of a conviction or the length of confinement. Ninth Circuit Rule 22-3 (a) states:

> (a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

The issue of whether Mr. Garnier's Eight Amendment rights were violated by the air quality at Airway Heights Correction Center was litigated and lost by Mr. Garnier in Garnier v Miller-Stout,

REPORT AND RECOMMENDATION
Page - 2

04-CV-5234RBL (W.D. Wash 2004).

## DISCUSSION

A.  <u>Second or Successive</u>.

The normal procedure with a second or successive petition is to administratively close the file and immediately send the case to the Ninth Circuit. Here however, as respondents note:

> In the absence of proper authorization from the Court of Appeals, A district Court lacks subject matter jurisdiction to consider a habeas corpus petition that is a second or successive one within the meaning of § 2244(b). <u>Cooper v. Calderon</u>, 274 F.3rd 1270 , 1274 (9th Cir. 2001); <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir, 1996). Ordinarily this Court will transfer a second or successive petition erroneously filed with the district court to the Ninth Circuit for its "gatekeeper" review under § 2244(b)(3). <u>See</u> Ninth Cir. R. 22-3(2). But under § 2244(b) only "new" habeas corpus claims are subject to review in a second or successive habeas proceeding, if authorization is granted under § 2244(b)(3). Here, Mr. Garnier is collaterally challenging the dismissal with prejudice of his civil rights claims related to the conditions of confinement at AHCC. Thus, as discussed further below, transfer to the Ninth Circuit would be meaningless in this case because the Ninth Circuit cannot authorize the filing and consideration of a claim that is not cognizable under § 2254. In addition, his claim regarding conditions of confinement is also barred by res judicata grounds.
>
> This is Mr. Garnier's fourth habeas corpus petition, and it is his second attempt to litigate the same conditions of his confinement at AHCC. Because of his prior use of habeas corpus petition, this court lacks subject matter jurisdiction over it under 2244(b).

(Dkt. # 22-1, page 7). This court agrees with the respondents' analysis.

B.  <u>Res Judicata</u>.

In the alternative, the doctrine of res judicata treats a final judgment as the only relief available for that claimant on that claim. This doctrine insures a final judgment is given full faith and credit by other courts and prevents a litigant who has lost a claim from simply refiling the claim again and again in the same or different courts. As respondent notes a final judgment extends to "all issues relevant to the same claim between the same parties, whether or not raised at trial." <u>Haphey v. Limm County</u>, 924 F.2d 1512, 1515 (9th Cir. 1991) (Dkt. 22-1, page 9). Here, Mr. Garnier is attempting to re-litigate a claim, air quality at Airway Heights Corrections Center. He brought that claim before this court in a civil rights action and the claim was dismissed with prejudice. <u>Garnier v. Miller-Stout</u>, 04-CV-5234RBL (W.D. Wash 2004).

## CONCLUSION

REPORT AND RECOMMENDATION
Page - 3

This petition is second or successive and subject to the doctrine of res judicata as the claim has previously been litigated and lost. There exists no reason to transfer the petition to the Ninth Circuit. This petition should be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, AND IN THE ALTERNATIVE DISMISSED BASED ON THE DOCTRINE OF RES JUDICATA.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 17th, 2006**, as noted in the caption.

Dated this 25th , day of October, 2006.

*/s/ J. Kelley Arnold*_____
J. Kelley Arnold
United States Magistrate Judge